IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERALD L. HICKMAN, | : | C.A. No. 1:16-CV-00308-UNA |
| | : | |
| Plaintiff, | : | ASBESTOS |
| | : | |
| v. | : | TRIAL BY JURY OF TWELVE |
| | : | DEMANDED |
| MAROTTA CONTROLS, INC., *et al.*, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**DEFENDANT MAROTTA CONTROLS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

**COUNT I**

**FACTS**

1.      Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of these averments.

2.      Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of these averments.

3.      It is admitted that Answering Defendant is a foreign entity.  It is denied the Answering Defendant is "doing business" in Delaware.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments.

4.      Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused Plaintiff's alleged injuries.  Answering Defendant is without knowledge or

information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

5.      Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of these averments.

6.      Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused Plaintiff's alleged injuries.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of these averments.

7.      Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused Plaintiff's alleged injuries.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

8.      Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused Plaintiff's alleged injuries.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

9.      Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of these averment.

## COUNT II

## OCCUPATIONAL EXPOSURE HISTORY

10.      Answering Defendant incorporates by reference its responses to the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

11.      Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused Plaintiff's alleged injuries.  Answering Defendant is without knowledge or

information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

12.     It is specifically denied that Plaintiff was exposed to any asbestos or asbestos containing products mixed, mined, manufactured, distributed, sold, removed, installed and/or used by Defendant.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

13.     Denied as to Answering Defendant.

## COUNT III

## HOUSEHOLD EXPOSURE

14.     Answering Defendant incorporates by reference its responses to the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

15.     Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of these averments.

16.     Denied as to Answering Defendant.

17.     It is specifically denied that Plaintiff was exposed to any asbestos or asbestos-containing products mixed, mined, manufactured, distributed, sold, removed, installed and/or used by Answering Defendant.

18.     Denied as to Answering Defendant.

19.     Denied as to Answering Defendant.

## COUNT IV

## NON-EMPLOYMENT EXPOSURE

20.     Answering Defendant incorporates by reference its responses to the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

{DE362978.1}

21.     Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused Plaintiff's alleged injuries.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

## COUNT V

## NEGLIGENCE AS TO MANUFACTURER, SELLERS, DISTRIBUTORS, USERS AND INSTALLERS OF ASBESTOS PRODUCTS

22.     Answering Defendant incorporates by reference its responses to the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

23.      (a) - (j) Denied as to Answering Defendant.

24.     Denied as to Answering Defendant.

25.     Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of this averment.

26.     Denied as to Answering Defendant.

27.     Denied as to Answering Defendant.

28.     Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused the injuries alleged by Plaintiff.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

## COUNT VI

## WILLFUL AND WANTON CONDUCT OF DEFENDANTS

29.     Answering Defendant incorporates by reference its responses to the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

30.     The averments in this paragraph are conclusions of law to which no response is required.  If a response is so required, it is specifically denied that Answering Defendant owed any or breached any duty to Plaintiff.

31.     (a) - (l) Denied as to Answering Defendant..

32.     (a) - (c) Denied as to Answering Defendant.

33.     Denied as to Answering Defendant.

34.     Denied as to Answering Defendant.

35.     Denied as to Answering Defendant.

36.     Denied as to Answering Defendant.

**COUNT VII**

**STRICT LIABILITY**

37.     Answering Defendant incorporates by reference its responses to the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

38.     (a)-(d)  Denied as to Answering Defendant.

39.     Denied as to Answering Defendant.

40.     Denied as to Answering Defendant.

41.     Denied as to Answering Defendant.

42.     Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused the injuries alleged by Plaintiff.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

43.     Denied as to Answering Defendant.

44.     Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused the injuries alleged by Plaintiff.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

## COUNT VIII

## CONSPIRACY

45.     Answering Defendant incorporates by reference its responses to the foregoing paragraphs of this Complaint as if the same were set forth at length herein.

46.     Denied as to Answering Defendant.

47.     Denied as to Answering Defendant.

48.     Denied as to Answering Defendant.

49.     (a)-(b)  Denied as to Answering Defendant.

50.     Denied as to Answering Defendant.

51.     (a)-(b)  Denied as to Answering Defendant.

52.     Denied as to Answering Defendant.

53.     Denied as to Answering Defendant.

54.     Denied that Answering Defendant engaged in any wrongful conduct, or in any conduct which caused the injuries alleged by Plaintiff.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining averments in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief for insufficiency of service of process and/or

insufficiency of process.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter and/or person in this litigation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or reduced due to the Plaintiffs' failure to join necessary and

indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE

This claim has been filed in an improper venue.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack the requisite capacity, standing and authority to bring this Action.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the Doctrine of Laches.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' contributory negligence or other acts, omissions or conduct was the

proximate cause of the injuries and damages of which they complain.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the Doctrine of Assumption of the Risk, in that if

Plaintiffs sustained any injury from the use or exposure to materials, products, or equipment

associated with Answering Defendant, which is expressly denied, the danger, if any, arising from

the continued use or exposure to such materials, products or equipment by the Plaintiffs or other

persons similarly situated, was well known or should have been well known in the exercise of

reasonable care. Plaintiffs' continued use of such materials, products or equipment, continued work in areas where such materials, products or equipment were used or continued exposure to such materials, products or equipment constitutes a voluntary submission to the hazards of their chosen profession or other activities performed, and therefore, these claims are barred by the Doctrine of Assumption of the Risk.

## TENTH AFFIRMATIVE DEFENSE

Any damages resulted from the use of products manufactured and sold in compliance with specifications established by persons/entities other than this answering Defendant, including the United States government, which specifications were designed, mandated and/or approved by the Government and/or its agencies, which possessed knowledge equal to or greater than that of this Defendant regarding the properties and characteristics of asbestos and asbestos-containing products.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant complied with all applicable Federal, State and other regulations.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from liability for any conduct performed in conformance with specifications mandated by Plaintiff's employer.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant is not liable for the alleged intentional torts of any of its predecessors-in-interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

This action is barred by the Doctrine of Forum Non Conveniens.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of Sophisticated Purchaser/Employer.

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries alleged by the Plaintiff were proximately caused by an intervening, superseding cause.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The knowledge of other persons and business entities, and the ability of such other persons and business entities to take action to prevent the injuries of which the Plaintiff complains, at all times relevant to this action was superior to that of Answering Defendant, and therefore, any duty to warn the Plaintiff was theirs and not Answering Defendant's.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The failure of the purchaser, employer or premises owner to warn or safeguard the Plaintiff from any possible health hazards associated with asbestos was an intervening or superseding cause of the Plaintiff's alleged injuries.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff misused the asbestos-containing products, equipment and/or other materials described in the Complaint, and that misuse proximately caused or contributed to the injuries and damages of which Plaintiff complains.

## TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant had no knowledge of the dangerous propensities of the material which allegedly caused injuries to the Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The alleged incident, injuries and damages of which the Plaintiff complains were caused by unauthorized, unintended or improper use of the products described in the Complaint, and as

a result of the failure of the Plaintiff and his employers to exercise reasonable and ordinary care, caution or vigilance for which Answering Defendant is not legally responsible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Strict liability is not the law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from proceeding with the causes of action alleged in their Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to specify any willful or wanton conduct on the part of Answering Defendant, and therefore, all claims for the recovery of punitive damages must be denied.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to specifically state the items of special damages claimed as required by Rule 9(g), and therefore, all claims for and references to the recovery of special damages in the Complaint must be denied.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege with specificity any conduct on the part of the Answering Defendant which constitutes negligence, fraud or conspiracy as required by Rule 9, and therefore, all claims and/or damages based upon allegations of negligence, fraud or conspiracy must be denied.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims for punitive damages are barred by the Eighth Amendment and the Fourteenth Amendment to the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims for punitive damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

The Plaintiff's claims for punitive damages are barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint asserts a demand for punitive damages, the Defendant specifically incorporates by reference all standards of limitations regarding the determination and/or enforceability of punitive damage awards set forth in the decisions of the United States Supreme Court.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The alleged injuries to Plaintiff were not proximately caused by any acts or omissions of Answering Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The alleged injuries to Plaintiff were directly and proximately caused and contributed to by the acts, omissions, fault, negligence or other conduct of persons other than Answering Defendant, over whom Answering Defendant had no control, authority, right to control or legal responsibility.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The alleged injuries to Plaintiff were proximately caused by the misuse, abuse, alteration and/or failure to properly utilize, maintain, or care for Answering Defendant's products by persons other than Answering Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from liability for any conduct performed in conformance with government specifications.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The alleged injuries to Plaintiff were directly and proximately caused and contributed to by the actions of other persons, who caused changes and alterations to be made to Answering Defendant's products and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiff.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Answering Defendant, or at the instruction of or subject to the control, of Answering Defendant with regard to any of the actions described in the Complaint, and thus, Answering Defendant is not liable for any acts or omissions of such third parties as a matter of law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained injury or damage as a result of the matters alleged in the Complaint.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendant's products at all times met the Doctrine of State of the Art applicable to the industry in question, including the Doctrine of State of the Art applicable to the products, equipment or materials associated with Answering Defendant.

## FORTIETH AFFIRMATIVE DEFENSE

Answering Defendant avers that it did not participate in, authorize, ratify or benefit from the alleged wrongful acts that are asserted in the Complaint.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendant provided adequate and complete warnings.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Restatement (Third) of Torts: Products Liability and comments thereto.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability §402A and comments thereto.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were the result of pre-existing conditions which were unrelated to any conduct of, or product placed in the stream of commerce by Answering Defendant.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were the result of an idiosyncratic reaction which Answering Defendant could not reasonably foresee.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's product liability causes of action are barred because the benefits of the products outweighed their risks.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant's products complied with industry standards at the time of their manufacture and/or sale. Such products were safe for their intended use and were not defective or unreasonably dangerous.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred because Plaintiff's exposure to an Answering Defendant product, if any, was de minimis, and thus not actionable at law or equity.

## FIFTIETH AFFIRMATIVE DEFENSE

Answering Defendant denies that it has been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

## FIFTY -FIRST AFFIRMATIVE DEFENSE

Venue for Plaintiff's causes of action is improper.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Causes of Action under state law are barred by the Doctrine of Federal Preemption.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the dangers associated with Answering Defendant's products, if any, were open and obvious.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover against Answering Defendant and their claims are barred because the Court lacks personal jurisdiction over Answering Defendant.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Repose.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that at all times material hereto, the state of the medical, industrial and scientific arts was such that there was no generally accepted or recognized knowledge of any unavoidably unsafe, inherently dangerous or hazardous or defective character or nature of asbestos or asbestos containing products of the type manufactured by Answering Defendant when used in the manner for the purposes intended, so that there was no duty on the part of the Answering Defendant to know such character or nature or to warn Plaintiff or others similarly situated.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant is entitled to a credit or offset for all monies or consideration paid to Plaintiff or promised to be paid to Plaintiff by virtue of any type or form of settlement agreement entered into and by and between Plaintiff and any Defendant herein or any other person or entity not a party to this litigation. Additionally, Answering Defendant asserts the affirmative defenses of Offset, Credit, Payment, Release and Accord and Satisfaction as provided in Rule 8 (c).  Further, if Plaintiff has agreed not to sue, or compromise, settle or

otherwise reach some arrangement with any other party, then such is a complete bar to this action and is a satisfaction thereof.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages were either solely or proximately caused by Plaintiff's employer's breach of its non-delegable duty to provide a safe working environment.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendant is not legally liable for the sale, distribution, application or manufacture of any asbestos-containing products or equipment by any former or current subsidiary or predecessor.

## SIXTIETH AFFIRMATIVE DEFENSE

Answering Defendant had no notice of or reason to believe that any of its products might be potentially hazardous as alleged by Plaintiff since, inter-alia, any asbestos fibers contained in its products were locked in, encapsulated and formally bound. Therefore, Answering Defendant could not have reasonably foreseen any alleged danger associated with the use of any of its products or equipment and cannot be charged with notice that any of its products or equipment posed an alleged hazard, which it denies.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant is entitled to have any verdict reduced by the amount of any Worker's Compensation, Social Security, insurance payments or like payments which have been or will be made to Plaintiff.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff was a smoker and consumer of tobacco products, and such intentional and negligent conduct is the sole cause, or alternatively, a proximate or producing cause and contributing factor to Plaintiff's alleged injuries.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendant adopts and incorporates the defenses asserted by all other Defendants as if set forth fully herein.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Answering Defendant's answer, and therefore, Answering Defendant reserves the right to amend its answer to allege additional affirmative defenses if subsequent investigation and discovery warrants the same. Further, Answering Defendant reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

The liability of this Answering Defendant, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contribution to the total liability for non-economic loss, including named parties and others over whom the Plaintiff could have obtained personal jurisdiction with due diligence.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under a Market Share Theory of liability.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

The claims for damages have not accrued, are purely speculative, uncertain and contingent.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant expressly denies that it manufactured, designed and/or sold or otherwise distributed any products referred to in Plaintiff's Complaint which caused injury to Plaintiff. Notwithstanding, at all times and places mentioned in the Complaint, Plaintiff and/or other persons, without Defendant's knowledge and approval, redesigned, modified, altered, and used Defendant's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which Defendant specifically denies, such defect resulted solely from the redesign, modification, alteration, or other such treatment or change and not from any act or omission by this Defendant. Therefore, said defect, if any, was created by Plaintiff and/or other persons, and was the direct and proximate cause of the injuries and damages, if any, that Plaintiffs allegedly suffered.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

Pursuant to 33 U.S.C., § 905, as amended, Plaintiff's exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act, wherefore, Plaintiff is barred from recovery in this action.

## SEVENTIETH AFFIRMATIVE DEFENSE

If Plaintiff applied for and received workers' compensation benefits, then Plaintiff's Complaint is barred by the provisions of the Workers' Compensation Act.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

{DE362978.1}

The causes of action asserted by the Plaintiff, to the extent that Plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fails to state a claim upon which relief can be granted, for, if relief be granted, the Defendant's constitutional right to substantive and procedural due process of law would be contravened.

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

The causes of action asserted by Plaintiff, to the extent that Plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, for, if relief be granted, such relief would constitute a taking of the Defendant's property for a public use without just compensation, a violation of the Defendant's constitutional rights.

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

The causes of action asserted by Plaintiff, to the extent that Plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted because such a relief would constitute a denial by this court of the Defendant's constitutional right to equal protection under the law.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

If Plaintiff settled with and/or released other defendants or entities who are tort-feasors, Defendant is entitled to a reduction of any judgment either in the total of all of the settlement amounts or the pro-rata share of the fault of said tort-feasors as determined by the court or jury, whichever is greater.

## SEVENTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant's first notice of claims set forth in Plaintiff's Complaint was service of said Plaintiff's Complaint upon it and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

## SEVENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant states that the law of the United States 55 FR 5144 and amendments thereto: Environmental Protection Agency summaries produced pursuant to the Asbestos Information Act of 1988, applies to issues in this case (i.e. identifying products which contain asbestos) and requests that this court take notice of said federal law.

## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

The Defendant retains its right to seek contribution and/or indemnification against any and all manufacturers of asbestos-containing materials who have filed petitions in various bankruptcy courts and consequently are not presently within the jurisdiction of this Court.

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

This action is barred by the Doctrine of Component Parts Defense (i.e. manufacturers are not liable for external insulation placed on their machinery by the U.S. Navy, nor are they responsible for any non-original internal asbestos gaskets and/or packing not supplied or manufactured by the manufacturer).

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the government/military contractor defense, as any acts or omissions with regard to the product at issue were done pursuant to the direction and control of the United States Government and/or Military and/or U.S. Navy, and thus, the manufacturer/supplier of the product at issue is entitled to immunity as a government/military contractor.

## EIGHTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Answering Defendant did not manufacture, supply, or affix to its product any asbestos-containing insulation or part.  Defendant had no duty to warn of the hazards of asbestos-containing products manufactured, supplied, or affixed by third parties.

## EIGHTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth a cause of action recognized by the State of Delaware or any state whose laws may be applicable to the substantive issues in the Action.

## EIGHTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are limited by the applicable statutory ceilings on recoverable damages.

## EIGHTY-THIRD AFFIRMATIVE DEFENSE

Punitive or exemplary damages are not recoverable under Plaintiffs' causes of action.

## EIGHTY-FOUTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendant's right to protection from "excessive fines" as provided in Article I Section 11 of the Constitution of the State of Delaware.

## EIGHTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action for attorneys' fees, prejudgment interest and costs; alternatively, prejudgment interest and attorney fees are not recoverable under Plaintiff's cause of action.

## EIGHTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendant did not owe Plaintiff any duties, warranties, obligations or responsibilities, and therefore, cannot be held in breach thereof.

### EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering damages where Answering Defendant did not owe a legal duty to Plaintiff and, therefore, did not commit a breach of any duty of care.

### CROSS CLAIM FOR CONTRIBUTION

While Answering Defendant denies liability, it avers, alternatively, that should it be found liable, it is entitled to contribution from each co-defendant for any amount which it may be required to pay to the Plaintiff, and is entitled to have the relative degrees of fault determined.

### CROSS CLAIM FOR INDEMNIFICATION

In the alternative, Answering Defendant seeks full indemnification from each codefendant.

### ANSWER TO ALL PAST, PRESENT AND FUTURE CROSS CLAIMS

Answering Defendant denies the allegations of any cross claims which have been filed or may be filed in the future by any co-defendant and demands that such cross claims be dismissed.

**WHEREFORE**, Answering Defendant, prays this Court to dismiss Plaintiff's Complaint with prejudice in its entirety and enter judgment in its favor and against the Plaintiff, and to deny the Plaintiff an award of compensatory damages, punitive damages and any other relief sought by the Plaintiff against Answering Defendant.  Answering Defendant further prays for an award of fees, costs and disbursements.

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**


 _/s/ Eileen M. Ford, Esquire_____
Megan T. Mantzavinos, Esquire (No. 3802)
Eileen M. Ford, Esquire (No. 2870)
300 Delaware Avenue, #900
Wilmington, DE  19801
(302) 658-6538
*Attorneys for Defendant Marotta Controls, Inc.*

DATED:  May 2, 2016