# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| IN RE: ASBESTOS LITIGATION | ) |
| --- | --- |
| | ) |
| GERALD L. HICKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-308-LPS-SRF |
| | ) |
| A. W. CHESTERTON COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 26th day of June, 2017,

WHEREAS, on June 5, 2017, the court conducted a status conference, at which time the undersigned Magistrate Judge acknowledged a prior working relationship with counsel for a defendant at the law firm of Tybout, Redfearn & Pell;

WHEREAS, the undersigned Magistrate Judge requested that counsel disclose the prior working relationship to their respective clients and submit letters to the court, identifying whether there were any objections to the undersigned Magistrate Judge continuing to serve as the Magistrate Judge assigned to the above-captioned matter;

WHEREAS, on June 20, 2017, counsel for defendants submitted a letter confirming that defendants have no objection to the undersigned Magistrate Judge continuing to serve as the assigned Magistrate Judge for the above-captioned matter (D.I. 154),

WHEREAS, on June 23, 2017, counsel for plaintiff, Raeann Warner, submitted a letter confirming that plaintiff has no objection to the undersigned Magistrate Judge continuing to serve as the assigned Magistrate Judge for the above-captioned matter (D.I. 168);

WHEREAS, the court has independently reviewed the recusal statutes[1] and determined that recusal is not warranted in the present matter; and

WHEREAS, there are no pending motions for recusal in this case;

---

[1] The "decision of whether to recuse from hearing a matter lies within the sound discretion of the trial court judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). Recusal is governed by 28 U.S.C. §§ 144 and 455.
Under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." *Sharp v. Johnson*, 2007 WL 3034024, at *1 (W.D. Pa. Oct. 15, 2007). In an affidavit of bias, the affiant has the burden of making a threefold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973); *Pi-Net Int'l, Inc. v. Citizens Fin. Grp., Inc.*, 2015 WL 1283196, at *6 (D. Del. Mar. 18, 2015).
Section 455 provides that a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *U.S. v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse herself "[w]here [s]he has a personal bias or prejudice concerning a party." Under either subsection of § 455, the bias necessary to require recusal generally must derive from a source outside of the official proceedings. *See Liteky v. U.S.*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) ("beliefs or opinions which merit recusal must involve an extrajudicial factor").
Recusal is required in cases involving attorneys from the judicial official's former law firm. *See* Committee on Codes of Conduct Advisory Opinion No. 24 (explaining that the judge should not "participate in any case in which any attorney in the former firm is counsel until the firm has paid the full amount the judge is entitled to receive" under the partnership agreement). However, such recusals are usually limited to a period of two years from the time of the judicial appointment, so this does not reasonably form a basis for recusal in the instant case. *Id.* ("The Committee recommends that judges consider a recusal period of at least two years . . . .").

NOW THEREFORE, IT IS HEREBY ORDERED that the undersigned Magistrate Judge will not request the reassignment of the above-captioned matter.

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE